Mr. S. H. Hanks Deputy Regional Forester United States Department of Agriculture Forest Service Rocky Mountain Region 1177 West 8th Avenue Box 25127 Lakewood, CO 80225
Dear Mr. Hanks:
By letter dated September 26, 1979, you requested an attorney general's opinion regarding the above-referenced matter. In your letter you indicated that the United States War Department had obtained title to the Camp Hale property in 1942 by condemnation and it had obtained exclusive jurisdiction over same in 1943. In your letter you further indicated that in 1965 the Camp Hale property was declared to be surplus by the Department of the Army and it was subsequently transferred to the United States Department of Agriculture in 1966. This property is now part of the White River National Forest and the Secretary of Agriculture desires to relinquish exclusive federal jurisdiction over same.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions:
1. Are there any special state regulations or requirements for accepting relinquishment of exclusive federal jurisdiction?
 No, there are not. An examination of the statutes, case law, and procedures utilized in the Governor's office reveal that there are no special state regulations or requirements for accepting relinquishment of exclusive federal jurisdiction.
2. If there are no special state regulations or requirements, what are the appropriate procedures for filing a notice of relinquishment of exclusive federal jurisdiction?
 A notice of relinquishment of exclusive federal jurisdiction must be filed with the Governor as required by 7 U.S.C. § 2268. This notice should be filed in the same manner and form as the notice of acceptance of exclusive federal jurisdiction had been filed by the United States with the Governor. However, the relinquishment process is not complete until acceptance of same by the state.
ANALYSIS
1. The manner in which the United States acquires exclusive jurisdiction over land within the State of Colorado has been addressed by both federal and state law. However, state law is silent regarding the manner in which jurisdiction may be relinquished.
At the time that exclusive jurisdiction over the Camp Hale property was assumed by the federal government in 1943, the applicable federal and state statutes in effect were 40 U.S.C. § 255 (1940), as amended, 40 U.S.C. § 255 (1970) and C.S.A. 1935, C. 168, § 1 et seq. The requirements of these statutes were satisfied as applied to the Camp Hale property.
Under federal law, the United States is empowered to acquire land for public building purposes, including military installations such as the Camp Hale property. Although the United States is not required to obtain exclusive jurisdiction upon acquisition of such lands or interests therein, exclusive jurisdiction may be accepted from the state in which the land is situated if it is deemed desirable and if the state has consented to or ceded such jurisdiction.
 Notwithstanding any other provisions of law, the obtaining of exclusive jurisdiction in the United States over lands or interests therein which have been or shall hereafter be acquired by it shall not be required; but the head or other authorized officer of any department or independent establishment or agency of the Government may, in such cases and at such times as he may deem desirable, accept or secure from the State in which any lands or interests therein under his immediate jurisdiction, custody or control are situated, consent to or cession of such jurisdiction, exclusive or partial, not theretofore obtained, over any such lands or interests as he may deem desirable and indicate acceptance of such jurisdiction on behalf of the United States by filing a notice of such acceptance with the Governor of such State or in such other manner as may be prescribed by the laws of the State where such lands are situated. Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted.
40 U.S.C. § 255 (1940), as amended, 40 U.S.C. § 255 (1970).
By statute, the State of Colorado has consented to the acquisition of lands within the state by the United States and has ceded exclusive jurisdiction over any lands so acquired, except for the service of process.
 The consent of the State of Colorado is hereby given, in accordance with the seventeenth clause, eighth section of the first article of the constitution of the United States, to the acquisition by the United States, by purchase, condemnation or otherwise, of any land in this state required for custom houses, court houses, post offices, arsenals or other buildings whatever, or for any other proper purpose of the United States government.
 Exclusive jurisdiction in and over any lands so acquired by the United States shall be and the same is hereby ceded to the United States for all purposes, except the service of all criminal and civil process of the courts of this state; but the jurisdiction so ceded shall continue no longer than the said United States shall own such land.
C.S.A. 1935, C. 168, secs. 2 and 3.
In 1942, the United States acquired title to the Camp Hale property by condemnation. As evidenced by the above-quoted statutes, the State of Colorado consented to this condemnation and ceded exclusive jurisdiction to the United States over any land so condemned. A document obtained by this office on February 12, 1980 reveals that on November 16, 1943, as required by federal law, the Secretary of War filed a notice of acceptance with the Governor of Colorado accepting "exclusive jurisdiction over all lands acquired by it for military purposes within the State of Colorado, title to which has heretofore vested in the United States, and over which exclusive jurisdiction has not heretofore been obtained." Receipt of this notice was acknowledged by the Governor of Colorado on November 20, 1943. Thus, exclusive jurisdiction over the Camp Hale property, was properly accepted by the United States War Department. This jurisdiction was subsequently assumed by the Department of Agriculture when the Camp Hale property became part of the White River National Forest.
Pursuant to 7 U.S.C. § 2268, the Secretary of Agriculture is authorized to relinquish this exclusive jurisdiction by filing a notice of relinquishment with the governor of the state in which the land is located or by following the laws of the state which may provide otherwise.
 Notwithstanding any other provision of law, the Secretary of Agriculture may, whenever he deems it desirable, relinquish to a State all or part of the legislative jurisdiction of the United States over lands or interests under his control in that State. Relinquishment of legislative jurisdiction under this section may be accomplished (1) by filing with the Governor of the State concerned a notice of relinquishment to take effect upon acceptance thereof, or (2) as the laws of the State may otherwise provide.
An examination of the statutes, case law and procedure utilized in the Governor's office reveal that there are no special state regulations or requirements for accepting relinquishment of exclusive federal jurisdiction. Accordingly, any such relinquishment must be accomplished by the state's acceptance of a notice thereof filed by the Secretary of Agriculture with the Governor.
It should be noted that the above-quoted statute was passed by Congress in 1978 to address law enforcement problems which had been experienced by the Department of Agriculture under circumstances identical to those surrounding the Camp Hale property. When property, such as the Camp Hale property, was initially acquired for military purposes, it was common for the United States to accept exclusive jurisdiction over same since there was adequate law enforcement personnel close at hand. However, once the property was conveyed to the Department of Agriculture, federal law enforcement personnel were no longer available, and, due to exclusive federal jurisdiction, state and local personnel had no authority to act. In order to afford relief from this situation, the Department of Agriculture requested that the above-quoted statute be passed. 4 U.S. Code Congressional and Administrative News at 2625 (1978).
2. Where, as here, there are no other procedures provided for by the state, relinquishment of federal jurisdiction under7 U.S.C. § 2268 is effected by the state's acceptance of a notice of relinquishment filed with the Governor by the United states.
With respect to the Camp Hale property, notice of relinquishment of exclusive federal jurisdiction must be filed with the governor in the same manner and form as notice of acceptance of same had been filed. This notice should at least indicate the statutes pursuant to which it is filed, the date exclusive jurisdiction was initially acquired, a description of the property affected and whether all or a portion of exclusive federal jurisdiction is to be relinquished.
However, filing of the notice alone does not result in relinquishment. The notice merely constitutes an offer of relinquishment which must be accepted by the state. A notice of acceptance may be filed by the Governor with the Secretary of Agriculture in similar manner and form as the notice of relinquishment or the Governor may simply acknowledge receipt of the notice of relinquishment and accept same by endorsement on said notice. Once relinquishment is accepted by the state, the Department of Agriculture would no longer have exclusive federal jurisdiction over the Camp Hale property.
SUMMARY
The United States Department of Agriculture currently has exclusive federal jurisdiction over certain property within the White River National Forest formerly known as the Camp Hale property. The Secretary of Agriculture may relinquish this exclusive jurisdiction by filing a notice of relinquishment with the Governor of the State of Colorado which will take effect upon the state's acceptance of same. This procedure is governed by federal law, since there are no provisions under state law otherwise.
Very truly yours,
 J.D. MacFARLANE Attorney General
JURISDICTION
GOVERNOR
40 U.S.C. § 255 (1940)
40 U.S.C. § 255 (1970)
7 U.S.C. § 2268
C.S.A. 1935, C. 168, § 1 et seq.
AGRICULTURE, STATE DEPT.
EXECUTIVE BRANCH
Governor, Office of
Secretary of Agriculture may relinquish exclusive federal jurisdiction over Camp Hale property within White River National Forest by filing a notice of relinquishment with the Governor which will take effect upon state's acceptance of same. This procedure is governed by federal law since there is no state law otherwise.